IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLES A. BIRDSONG,**

    Petitioner,

v.                                                       Civil Action No. **3:14CV131**
                                                        Civil Action No. 3:16cv610

**HENRY PONTON,**

    Respondent.

**MEMORANDUM OPINION**

Petitioner, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition challenging the revocation of his Earned Sentence Credits. On January 9, 2015, the Magistrate Judge issued a Report and Recommendation wherein he recommended dismissing the § 2254 Petition because "Birdsong fails to demonstrate any constitutional violation with respect to the deprivation of his Earned Sentence Credits . . . ." (ECF No. 16, at 4.) Birdsong failed to file objections and, by Memorandum Opinion and Order entered on March 10, 2015 the Court accepted the Report and Recommendation and dismissed the action. (ECF Nos. 19, 20.) On March 4, 2016, Birdsong filed a Motion for Relief under Federal Rule 60(b) ("Rule 60(b) Motion," ECF No. 23).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). Here, Birdsong's Rule 60(b) Motion raises challenges to his revocation of his Earned Sentence Credits, rather than any defects in his federal habeas proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion). Birdsong once again contends that that the deprivation of his Earn Sentence Credits was unconstitutional because he was not provided with an institutional appeal. (Rule 60(b) Mot. ¶ 6). Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition.

The Clerk will be directed to assign a civil action number to the Rule 60(b) Motion (ECF No. 23). The Court has not received authorization from the Fourth Circuit to file a successive § 2254 petition. Therefore, the action will be DISMISSED for want of jurisdiction. The Court will DENY a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 9-27-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge